MEYER, WEIS & CO. v. PORTIS, ET AL.

1.  INNOCENT PURCHASER: *Decree of record as notice.*
  One who takes a mortgage upon land when there is a decree in chancery upon
  the court records, avoiding and annulling the mortgagor's title to the land,
  takes with constructive notice, and is not an innocent purchaser.

APPEAL from *Jefferson* Circuit Court in Chancery.
Hon. J. A. WILLIAMS, Circuit Judge.

*M. L. Bell* for Appellants.

1.   A party who seeks equity must do equity.

2.   Fraud vitiates all transactions, and no one connected
with it can ask the aid of chancery to enforce any right grow-
ing out of such fraudulent transactions.

The attempted conveyance or settlement of Portis upon
his wife and children was void as to creditors and innocent
purchasers. *Wait on Fr. Conv., 92; 92 U. S., 183; 3 Johns.
Chy., 481; 24 N. Y., 300.*

Reviews the facts and argues that the acts of Portis and
Meyer rendered the transaction fraudulent as to appellants,
who were innocent purchasers from one who had upon the
records a perfect legal title. An innocent purchaser from a
fraudulent grantee will be protected. *Bump. Fr. Conv., 486–
90; Wait do., 386;* etc., etc.

*W. E. Heminway* for Portis, et al.

A voluntary deed without consideration is good except as
against creditors. Appellants never were creditors of the
grantor.

Appellants were bound to take notice of the decree of a court of competent jurisdiction.

Meyer's deed was annulled prior to his mortgage to appellants and he had nothing to convey. The foreclosure proceedings only foreclosed such interest as Meyer had—*which was nothing.*

Appellees were not parties to the decree of foreclosure, and as to them it was *res inter alias acta.*

*J. M. & J. G. Taylor* for Merrill.

No relief is asked against Merrill, and both parties concede his title to the J. M. Portis' undivided half.

SOL. F. CLARK, Special Judge. The appellees, Mattie B. Portis and her husband, W. N. Portis, and their children, filed in the circuit court of Jefferson county, their petition in chancery against the appellants, Meyer, Weis & Co. and Joseph Merrill.

The object is to quiet title to an undivided half of lot five (5) in block seventeen (17) in the old town of Pine Bluff, in W. N. Portis, as trustee, for his said wife and children.

Among other things they allege that J. M. Portis, brother of W. N. Portis, being seized of such undivided half, on the 10th day of June, 1875, conveyed the same to W. N. Portis in trust for the said Mattie B. and their children, born and to be born, in consideration of the love and affection which he bore them. The wife of said J. M. Portis joined in the deed for the purpose of relinquishing dower. That said W. N. Portis as such trustee, was, and had been, since said conveyance, in possession of the premises, except a few months when the same was in possession of a receiver of the United States circuit court, but

the receiver had been discharged and the property surrendered again to plaintiff.

That Joseph Merrill claimed to be the owner of an undivided half interest in said lands by virtue of a deed dated the 17th day of September, 1881, from Jno. M. Clayton, sheriff. That Meyer, Weis & Co. claimed to own an undivided half of the premises by virtue of a purchase made by them under a decree of foreclosure of a deed of trust made by Joseph C. Meyer, on the 8th day of March, 1881, to Gabe Meyer in trust to secure a debt due from said Joseph C. Meyer to them. That representatives of these claimants were warning the tenants on the premises not to pay rent to them, and that such tenants were becoming alarmed on account of, conflicting claims, and were about to refuse to pay rent, or to abandon the premises, and praying that the title of plaintiffs might be established as against such claimants.

To this complaint Meyer, Weis & Co. put in an answer and cross-complaint against the plaintiffs and defendant Merrill.

They deny that plaintiffs have any legal title to an undivided half of the premises as against their claim of an undivided half; and deny that the conveyance of said J. M. Portis to W. N. Portis, as trustee, of the 10th of June, 1875, set out in the complaint, had any validity as against their title. They say they do not know whether the defendant Merrill has title to any part of the premises claimed by the complainant. They admit that there is an undivided half which they do not. claim to own, but as to one undivided half, they obtained a decree of a court of competent jurisdiction against all persons. having an apparent legal or equitable interest, including the said Merrill, James M. and Wm. N. Portis, all said parties having been duly served with process, and were foreclosed of all claim to such undivided half, and under which decree the defendants, Meyer, Weis & Co. purchased the same. And

they exhibit the deed under which they purchased; and they pray that the complainants and Joseph Merrill may be required to answer; and that they may have a decree confirming their title.

To this cross-bill Merrill put in an answer, in which he alleges that the half which he claims and owns, is a different half from that claimed by Meyer, Weis & Co. That in the suit brought by them in the United States court for the eastern district of Arkansas against him, and Gabe Meyer as administrator of the estate of Joseph C. Meyer and others, under which they claimed title by appropriate decree, all claims by Meyer, Weis & Co. to the undivided half so claimed by him were waived and abandoned, and all relief as prayed for against the defendant, Merrill, was dismissed and refused, and that in all subsequent proceedings in that cause, his title to an undivided half was recognized as a different half from that of the complainants therein.

Defendant Merrill also answered the original complaint, in which he ignores all knowledge of the title of Mattie B. Portis and others to an undivided half of the premises, and submits that his claim is to another and separate half from that of complainants. In his further answer he states facts which clear up to some extent the confusion as to the titles to the separate halves of the property.

In substance, he alleges that on and previous to the 10th day of June, 1875, W. N. Portis and James M. Portis owned the property together as tenants in common, each owning an undivided half. That on the 5th day of June, 1877, Merrill recovered judgment against J. M. Portis in the Jefferson circuit court for $794.44, and purchased J. M. Portis' half of said lot at a sale under an execution issued on this judgment, made on the 10th day of April, A. D., 1880; and a deed of Jno. M. Clayton reciting the said sale bearing date of the 17th day of September, 1881, was made to him. He exhibits the

sheriff's deed with his answer.  And he further alleges that
Joseph C. Meyer being at the time in possession, he instituted
suit against him in the Jefferson circuit court on the — day
of October, 1881, and on the — day of ————, 1882,
recovered judgment against his administrator, widow and heirs,
he having died in the meantime, for the possession of such un-
divided half.  A copy of the record of such judgment is ex-
hibited.  And being in possession he submits that his title is in
no conflict with the title set up by either of the other parties,
which is the undivided interest owned as aforesaid by the said
W. N. Portis; and prays that his title to an undivided half
may be decreed perfect and free from any claims of plaintiffs,
or Meyer, Weis & Co.

Treating the cross-petition of Meyer, Weis & Co. as a
counter claim, the plaintiffs put in a reply in which they allege
that these defendants (Meyer, Weis & Co.) claim title to the
premises from one J. C. Meyer, who, on the 8th day of March,
1881, executed a mortgage of the premises to them to secure a
debt in the mortgage set out.  That the suit for foreclosure set
up in their answer to the complaint was a suit to foreclose such
mortgage.  That their purchase thereunder was a conveyance
only of such title or claim as said J. C. Meyer had when he
executed the mortgage.

That previous to that time J. C. Meyer had purchased the
land at a sale thereof made by the sheriff of Jefferson county,
under an execution issued to him from the supreme court of the
state, upon which the sheriff executed to him a deed; but that
before said deed was made, plaintiff, Mattie B. Portis, paid to
said Meyer the amount necessary to redeem from said sale the
half interest in the said premises claimed by the plaintiffs, and
promised to convey such interest to her.  The receipt for the
money and agreement is exhibited with the reply.  That after
the payment of the said sum of money in a suit then pending
in the Jefferson circuit court, wherein the Merchants and Planters

Meyer, Weis & Co. v. Portis, et al.

Bank was plaintiff, and J. Simon & Co. and others, including the plaintiffs, were defendants, and said J. C. Meyer interpleaded, it became material to ascertain the status of the said premises and the validity of the title of the plaintiffs, and also the validity of said sale and conveyance to said J. C. Meyer.

That upon a trial of that cause on the 5th of January, 1881, and before the execution of said mortgage to Meyer, Weis & Co., the court, by its decree, set aside and annulled the sale and canceled the deed to him, but charged the land with a lien in his favor for a sum fixed by the court. That Meyer afterwards entered upon the margin of the record of said decree, satisfaction in full for all claims he had upon said premises, so that when he executed the mortgage he had no title to the land. They admit the foreclosure proceedings in the United States court, but deny that they were parties to that suit.

That after a decree of foreclosure had been entered in that suit the premises were placed in the hands of a receiver, which prevented plaintiffs from receiving the rents, and they presented to the said court a petition asking that the receiver as to a half-interest be discharged, exhibiting to said court their title; whereupon the court, for the first time being advised as to plaintiff's claim, granted the petition.

On this state of pleading, and the various exhibits, the court granted a decree in effect dismissing the cross-bill of Meyer, Weis & Co., and quieted the title to one undivided half of the lot in the plaintiffs and the other half in Merrell. Meyer, Weis & Co. have appealed to this court.

It is manifest that the pleadings on all sides of the case are so defective as to render it uncertain whether justice between the parties can be reached by any decree which can be founded upon them.

The plaintiff fails to define the ownership of the half which he does not claim title to, and yet alleges that each of the de-

fendants claims a half, against which he prays to have his title to his half quieted.

Each of the defendants sets up a title to a half, and alleges that it is not the same half claimed by the other, without specifying at all how the other's half is derived.

Defendant Merrill alleges that previously, and at the time of the conveyance by James M. Portis to plaintiff of the 10th of June, 1875, alleged in the complaint, James M. Portis was the owner of only one undivided half, and that W. N. Portis, in his own right, owned the other half; and there is nothing in the record to controvert this statement, and it must be taken as true in determining the title of the parties. Yet he claims title under a judgment against James M. Portis, of the date of 7th of June, 1877, without showing how such title had not been previously conveyed to the plaintiff, as alleged in the complaint.

Nor is there anything in the plaintiff's reply, nor in any of the exhibits to clear up this uncertainty and confusion; yet none of the parties demurred or excepted for such uncertainty, or moved to make any pleading more specific, and the court must pronounce upon the record as it is.

It is a remarkable circumstance, however, that the attorneys of all the parties have argued the case as if a deed by W. N. Portis, to his undivided half of the premises, was made to his brother, James M., on the same day that James M. conveyed a half interest to the plaintiffs, as alleged in the complaint. The plaintiff's attorneys, in their abstract and brief, fully concede the fact of this deed, though it is not alluded to in any of the pleadings, and is not made a part of the record in any manner. It was manifestly considered in the decree of the court below, and a copy of the deed is in the transcript. This conveyance is very material to the rights of the parties. We are content to treat this deed the same as if it was properly pleaded and properly a part of the record, since it was manifestly so

treated in the court below, without objection, and is conceded in the argument here.

The facts, then, so far as they can be understood from the record, are:

That on and previous to the 10th day of June, 1875, the property in controversy was owned by W. N. and J. M. Portis, as tenants in common. That on that day W. N. Portis conveyed his half of the property, together with other property, to J. M. Portis, his brother, and the latter on the same day reconveyed the same to him in trust for his wife and children, as alleged in the complaint.

It appears that W. N. Portis was much embarrassed by debts at the time, and several judgments were soon after rendered against him.

The firm of Talbot & Packard, on the 7th of June, 1877, recovered judgment against W. N. and J. M. Portis and others, in the Jefferson circuit court, which, being appealed to this court, was at the spring term, 1878, affirmed, for the sum of $1846.10. At a sale of this with other lands under this execution, J. C. Meyer became the purchaser, and received the sheriff's deed on the 12th of February, 1880, which deed was on record at the time of the execution of the mortgage to Meyer, Weis & Co.

On the 5th of January, 1881, however, in a suit pending in the circuit court of Jefferson county in chancery, wherein the Merchants and Planters Bank were plaintiffs, and J. Simon & Co. and the plaintiffs in this suit and others were defendants, and in which J. C. Meyer filed an interplea, a decree was rendered setting aside the sale to J. C. Meyer under the execution on the Talbot & Packard judgment and canceled his deed, but decreed him a first lien on the premises, as well as upon other lands, for the amount of purchase money, paid at the execution sale, with interest.

It seems that this decree was in full force and upon the court records when Meyer executed the mortgage to Meyer, Weis & Co., on the 8th of March afterwards. And it is alleged and proved that previous to that decree, to wit: on the 29th of January, 1880, and before the deed so canceled had been executed to Meyer, the plaintiff, Mattie B. Portis, paid to him the sum of $1300, which he accepted in full of the amount of Talbot & Packard's judgment, and agreed to convey the premises to the plaintiff when called upon to do so. Meyer died without having executed the conveyance. There is no evidence that Meyer, Weis & Co. had any notice of this payment and agreement whatever, but we think they were bound to take notice of the decree annulling the deed.

The settlement of the lands upon his wife and children by W. N. Portis was good as between the parties to it. It was at all times competent for the beneficiaries of the trust to pay off the creditors and maintain the settlement. Creditors only could complain.

The decree in the case of the Merchants and Planters Bank v. J. Simon & Co., et al., pronounced this settlement to be in fraud of creditors of W. N. Portis, and postponed it to the rights acquired by J. Simon & Co. under their subsequent mortgage, and that of J. C. Meyer under the Talbot & Packard judgment, but did not declare it void as between the parties to it.

For this purpose, the deeds constituting such settlement were on record when the mortgage was executed, and the record of those deeds, as well as that of the decree annulling J. C. Meyer's deed to the lot, were sufficient, we think, to put Meyer, Weis & Co. on inquiry, and they had at least constructive notice of the want of title in J. C. Meyer when they took the mortgage from him. They cannot claim as innocent purchasers without notice of plaintiff's title.

It ·is insisted, however, that there was collusion and fraud between the plaintiff and J. C. Meyer in procuring the money for which the mortgage was given. That the payment of the $1300 and agreement to reconvey was kept a secret with that view, and that the subsequent procuration of an assignment to Meyer of the J. Simon & Co. decree, and the transfer of it to the plaintiff, Mattie B., were evidence of such frauds.

But we cannot see these transactions in that light. There is no evidence that when she paid off the J. Simon & Co. decree against her property, she knew of the execution of the mortgage to appellants, while the motive to free her estate from these incumbrances—a wholly righteous motive—is all sufficient to account for those payments.

The decree of the court below as to the title of Joseph Merrill to the J. M. Portis half of the lot is not assigned for error here. All parties acquiesce as to his title. It is not, therefore, necessary further to refer to it. The decree of the circuit court is in all things affirmed.

Chief Justice Cockrill did not sit in this case.